**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**ROBERT A ROBINSON,**

    **Plaintiff,**

**v.**                                  **Case No. 5:13cv276/WS/CJK**

**CORRECTIONS CORPORATION
OF AMERICA, et al.,**

    **Defendants.**

_____/

**ORDER and
REPORT AND RECOMMENDATION**

This cause is before the Court upon plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (doc. 1), and motion to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissing this case, leave to proceed *in forma pauperis* will be granted. Upon review of plaintiff's complaint, the Court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Florida Department of Corrections ("DOC"), currently confined at Graceville Correctional Facility ("Graceville CF"). (Doc. 1). Plaintiff's complaint names two defendants: Corrections Corporation of America and Dr. Kats Kagan. Plaintiff alleges that in the years 2006 and 2010, "eye doctors" performing routine eye examinations on plaintiff noted he had cataracts. Plaintiff

claims the defendants are violating his constitutional rights by refusing to provide cataract removal surgery. (*Id*., pp. 5-7). As relief, plaintiff seeks an injunction requiring defendants to provide surgery. (*Id*., p. 7).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the Court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff signed his complaint on August 8, 2013. (Doc. 1, p. 7). On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed one federal case: *Robinson v. Marion Cnty. Sheriff's Office*, Case Number 3:97cv1303, a civil rights action plaintiff filed in the United States District Court for the Middle District of Florida ("Middle District") on November 3, 1997. (Doc. 1, p. 4; *see also* Docket Sheet for Middle

---

[1]Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "No" to both questions, and disclosed no cases. (Doc. 1, p. 3).

*Case No: 5:13cv276/WS/CJK*

District Case No. 3:97cv1303). The case was dismissed on November 5, 1997, prior to service, for plaintiff's abuse of the judicial process. (*Id*.). Plaintiff disclosed no other federal cases.

On the same page of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (Doc. 1, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed no cases. (*Id*.).

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*Id.*, p. 7). Thus, plaintiff has in effect stated that at the time he filed his complaint, he had not initiated any other lawsuits in federal court concerning the fact or manner of his incarceration or the conditions of his confinement, nor had any action he filed in federal court been dismissed prior to service.

As a matter of course, the Court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[2], the Court must necessarily

---

[2]Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The information obtained from the disclosure requirements also helps the Court to consider whether the action is related to or should be considered in connection with another case, or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The Clerk has advised and the Court may take judicial notice, that at the time plaintiff filed his complaint in this case, plaintiff had initiated at least two other lawsuits in federal court that required disclosure:

- *Robinson v. Burford*, Middle District Case Number 5:96cv180, a civil rights action plaintiff filed in the Middle District on August 14, 1996. The case was dismissed on August 21, 1996, prior to service.

- *Robinson v. King*, Middle District Case Number 5:09cv479, a civil rights action plaintiff filed on October 26, 2009, challenging the fact of his incarceration on the grounds that he was denied due process in various respects in connection with his criminal prosecution. The case was dismissed under 28 U.S.C. § 1915(e)(2)(B), on December 3, 2009, prior to service.

Both of the foregoing cases may be positively identified as having been filed by plaintiff, because they bear plaintiff's Florida Department of Corrections' inmate number, DC #090171.

The Court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the

---

relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

*Case No: 5:13cv276/WS/CJK*

statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3). If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 28th day of August, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).